**MOHAJERIAN INC.**
**AL MOHAJERIAN**, CSBN 182013
**RONALD J. SELGRATH**, CSBN 52791
A Professional Law Corporation
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel: (310) 556-3800/Fax: (310) 556-3817

Attorneys for Defendants
DFG Restaurants and Friendly Franchise Corporation

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| LUMBERMENS MUTUAL CASUALTY COMPANY, an Illinois corporation, AMERICAN MOTORIST INSURANCE COMPANY, an Illinois corporation, and BROADSPIRE SERVICES, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> FRIENDLY FRANCHISES CORPORATION, a California corporation, DFG RESTAURANTS, INC., a California corporation, and DOES 1-10, <br><br> Defendants. | CASE NO.: SACV05-1190 CJC (MLGX) <br><br> **MOTION IN LIMINE TO EXCLUDE THE PRESENTATION BY PLANTIFFS EXPERT OPINION BY LAY WITNESSES; ORDER THEREON** |

Z:\files\110.062\1\Motion in Limine to exclude lay opinion.doc
MOTION IN LIMINE TO EXCLUDE PRESENTATION BY PLANTIFFS EXPERT OPINION BY LAW WITNESSES

1

Defendants DFG Restaurants and Friendly Franchise Corporation, by and through their attorney, Al Mohajerian of Mohajerian Law Corp, move in limine that this Court preclude the plaintiffs from using lay witnesses to express expert opinions about, inter alia, the meaning of documents, and the customs and practices in the insurance industry.

In support, defendants state as follows: Plaintiffs are expected to reference in their opening statement and seek opinions of their lay witnesses which would constitute expert opinion as to the meaning of documents, the custom and practice in the insurance industry. Plaintiffs have failed to designate an expert, and should not be allowed to use insurance industry employees in the place of the expert they failed to designate.

Plaintiffs have taken the depositions of two witnesses, Brian Gardner, and Jackie Covington Marshall. During those depositions the witnesses were asked numerous opinions about the meaning of documents, and the custom and practice of the insurance industry. Plaintiffs may now seek to use their testimony in lieu of a designated expert to establish matters which are properly the subject of expert testimony. Defendants move that their testimony be limited to matters of personal knowledge, and not matters which must be the subject of expert testimony.

///
///
///

1  The plaintiffs have also listed potential witnesses who appear to be employees
2 of the plaintiffs. These witnesses too should not be allowed to testify as to matters
3 which are properly the subject of expert testimony.

6 Dated: May 20, 2008

                 **MOHAJERIAN INC.**

               By: _____
                 AL MOHAJERIAN
                 Attorneys for Defendants
                 DFG Restaurants and
                 Friendly Franchise Corporation

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800  FAX: (310) 556-3817

Z:\files\110.062\1\Motion in Limine to exclude lay opinion.doc
MOTION IN LIMINE TO EXCLUDE PRESENTATION BY PLANTIFFS EXPERT OPINION BY LAW WITNESSES

3

# Order

Upon consideration of the motion in limine to exclude any presentation by the plaintiffs of expert opinion by lay witnesses, and good cause appearing therefor,

IT IS SO ORDERED.

Dated: _____

                                                _____
                                                The Honorable Cormac J. Carney
                                                United States District Judge